## HOFFMASTER *v.* McNETT.

1. AUTOMOBILES—AMBULANCES—EMERGENCY RUN—SPECIAL TRAFFIC PRIVILEGES—QUESTION OF FACT.

   Evidence adduced in nonjury actions by 2 women and their husbands for injuries received at intersection in collision with defendants' ambulance *held,* to present a question of fact as to whether such emergency vehicle was on an emergency run to pick up a woman who had been injured in a fall and which, if true, would bring into play .provisions of statutes according the ambulance traffic privileges and require others to yield right-of-way at intersections (CLS 1961, §§ 257.2, 257-.603, 257.632, 257.653).

2. APPEAL AND ERROR—NONJURY CASES—PREPONDERANCE OF EVIDENCE.

   Absent a showing that judgment, as a matter of law, is contrary to preponderance of evidence, Court of Appeals will not reverse in nonjury case.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 754–757.
Liability for personal injury or property damage from operation of ambulance. 84 ALR2d 121.
[2] 5 Am Jur 2d, Appeal and Error §§ 834, 841.
[3] 5 Am Jur 2d, Appeal and Error § 831.

# 710                    2 MICH APP 709.                    [Apr.

3. SAME—CREDIBILITY OF WITNESS—NONJURY CASE.

> Court of Appeals will not reverse trial judge's findings of fact in a nonjury case which are based upon weight to be accorded testimony of witnesses unless the evidence clearly preponderates in the opposite direction as trial judge saw and heard the witnesses and was best able to judge their credibility.

Appeal from Oakland; Moore (Arthur E.), J. Submitted Division 2 January 4, 1966, at Lansing. (Docket Nos. 355, 356.)  Decided April 12, 1966.

Complaint by Edward Hoffmaster and Janet Hoffmaster against Ralph McNett and Steve Slovik, doing business as Gold Cross Ambulance Service Company, for injuries arising when an automobile, in which plaintiff was riding, collided with defendants' ambulance. Similar case by Jack Taylor and Georgia Taylor. Cases consolidated for trial. Default judgment for plaintiffs against defendant Slovik. Judgment for plaintiffs after trial, against defendant McNett. Defendant McNett appeals. Affirmed.

*Sauer & Gerard (Charles J. Porter,* of counsel), for plaintiffs.

*Richard L. Wolk,* for defendant McNett.

T. G. KAVANAGH, P. J. On June 2, 1962, plaintiffs, Janet Hoffmaster and Georgia Taylor, were injured in a collision of their automobile with defendants' ambulance at the intersection of West Huron and Johnson avenues in the city of Pontiac.

On their suit for damages the matter was tried by the court without a jury and resulted in judgment for the plaintiffs.

Only three witnesses testified about the collision. Two were plaintiffs, Georgia Taylor, the driver of plaintiff's car, and Janet Hoffmaster, her passenger.

The defendants produced one—the attendant who had been riding in the ambulance. The driver of the ambulance had died before trial from causes unrelated to the collision.

The plaintiff witnesses testified they entered the intersection on a green light, the passenger saying she heard no unusual sound.

The defendants' witness testified they had received a call described as an emergency to pick up a woman who had hurt her hip or back in a fall and that they were on their way to do so with their warning lights flashing and their siren sounding.

The appeal asserts that the evidence thus established that the defendants' ambulance was an emergency vehicle on an emergency run and that the plaintiffs were guilty of negligence in failing to yield the right-of-way.

The trial court stated that he was unable to square the testimony of defendants' witness with a photographic exhibit. Primarily on the basis of credibility the court ruled that no emergency had been shown by defendants and that plaintiffs had made a showing of failure to use due care amounting to negligence on the part of the driver of defendants' ambulance. He found no negligence on the part of plaintiffs.

Whether or not there was an emergency (or circumstances warranting the driver's belief that there was) bringing into play the provisions of the applicable statutes CLS 1961, § 257.2 (Stat Ann 1960 Rev § 9.1802); CLS 1961, § 257.603 (Stat Ann 1961 Cum Supp § 9.2303); CLS 1961, § 257.632 (Stat Ann 1960 Rev § 9.2332); CLS 1961, § 257.653 (Stat Ann 1963 Cum Supp § 9.2353) is a matter of fact. The trial judge heard the witnesses and evaluated their testimony. Absent a showing that the judgment as a matter of law is contrary to the preponderance

of the evidence we do not reverse. *Kevreson* v. *Michigan Consolidated Gas Co.* (1965), 374 Mich 465; *Shaw* v. *Wiegartz* (1965), 1 Mich App 271 (quoting *Mallory* v. *Pitcairn* (1943), 307 Mich 40, at page 47):

"The trial court saw and heard the witnesses and, as trier of the facts, was best able to judge the credibility of, and the weight to be accorded, their testimony. We have repeatedly said that in cases tried without a jury the trial judge may give such weight to the testimony as in his opinion it is entitled to, and that in such cases we do not reverse unless the evidence clearly preponderates in the opposite direction."

We have carefully reviewed the record and while we find the evidence exceedingly slim, we find no such contrary preponderance authorizing the substitution of our judgment for the trial court's.

Affirmed, with costs to appellee.

BURNS and McGREGOR, JJ., concurred.